**The below described is SIGNED.**

**Dated: January 05, 2010**

        **R. KIMBALL MOSIER**
        **U.S. Bankruptcy Judge**

_____

*Order prepared by:*
Office of Kevin R. Anderson
Chapter 13 Trustee
405 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
kratrusteemail@ch13kra.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
NORTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>JOANN HARRISON<br>MARK STEVEN HARRISON<br><br>Debtors. | Case No. 09-20977<br>Chapter 13<br>*FILED ELECTRONICALLY*<br>Judge R. Kimball Mosier<br>(Confirmation Hearing: *11/12/09 at 10:00 AM*) |

**ORDER CONFIRMING DEBTORS' CHAPTER 13 PLAN**

After notice to all parties in interest, and based on the Trustee's recommendation for confirmation, the Court finds that the Plan meets the requirements of 11 U.S.C. §§ 1322[1] and 1325 and hereby ORDERS AS FOLLOWS:

**CONFIRMATION OF THE PLAN**

1.    The Chapter 13 plan, as modified by this Order, is confirmed pursuant to § 1325 (hereinafter the "Plan"). Upon entry of this Order, the effective date of confirmation shall relate back to the date of the confirmation hearing.

2.    Confirmation is not a binding determination that the Plan complies with the three to five year term limits of § 1322(d). If at any time the Trustee determines that the Plan is not feasible because its term is greater than sixty (60) months, the Trustee may serve a Notice of

---

[1] Unless otherwise stated, all statutory references are to 11 U.S.C. § ___.

Non-Compliance on the Debtors and counsel. The Debtors will have 30 days from the service of such notice to file either an objection to claims or a motion to modify under § 1329 to bring the Plan into compliance with § 1322(d). If the issue is not resolved within such 30-day period, the Trustee may file a motion to dismiss or to convert.

3. Confirmation constitutes a binding determination that the Debtors Have complied with the requirements of § 521(a)(1), and this case is not subject to automatic dismissal under § 521(i).

## RETURN TO NONPRIORITY UNSECURED CREDITORS

4. The Debtors shall make the payments described below until nonpriority unsecured creditors receive no less than a 100% distribution on their allowed claims.

## PLAN PAYMENTS

5. By the 25th day of each month, the Debtors shall make Plan payments to the Trustee of $1,830.00 per month for a period of not less than 36 months but not longer than 60 months from the date of the first scheduled meeting of creditors under § 341 (*see* Local Rule 2083-1(a)), subject to the following terms and conditions:

## CLASSIFICATION AND TREATMENT OF CLAIMS

6. <u>Trustee Fee</u>: The Trustee is allowed the commission provided by 28 U.S.C. § 586. Any reference in the Plan to the percentage of such commission is an estimate only and is subject to increase or decrease by the United States Attorney General.

7. <u>Attorney's Fees</u>: Debtors' counsel is awarded fees and costs in the total amount of $2,750.00 as an administrative claim under § 503(b). Pursuant to the Bankruptcy Rule 2016 Statement filed in this case, counsel received a prepetition retainer of $0.00; therefore, the balance of $2,750.00 will be paid through the Plan. This allowance of fees includes time for counsel to comply with the requirements of the Claims Review Process, as set forth below, but it does not limit counsel's option to seek additional fees after notice and a hearing on a fee application filed with the Court.

8. <u>Adequate Protection Payments</u>: Preconfirmation adequate protection payments under § 1326(a)(1)(C), are allowed in such amount as fixed by the Plan, a stipulation between the parties, or Court order.

9. <u>Secured Claims</u>: If a secured claim is provided for in the Plan or if a secured proof of claim is filed before the deadline to object to confirmation, the Trustee will set up a reserved, secured claim based on the greater of the Plan terms or the proof of claim. However, the Trustee will not disburse on such secured claim until <u>all</u> of the following conditions are met:

    a. The Plan or a court order specifically provides that the Trustee shall disburse funds on the secured claim;

    b. The secured claim is allowed under §§ 502(a) and 506(a), which means: the secured creditor or the debtor has filed a proper proof of claim under Bankruptcy Rules 3001, 3002 and 3004, that includes a full address and account information and that is accompanied by evidence that the secured creditor's security interest has been perfected, as required by Bankruptcy Rule 3001(d); ***and***

    c. There is no pending objection to the claim under Bankruptcy Rule 3007 or no pending motion to value the collateral securing such claim under Bankruptcy Rule 3012.

    d. If a creditor is provided for in the Plan as holding a secured claim, but such creditor files an unsecured claim, and such unsecured claim is deemed allowed under § 502(a) as of the completion of the Claim's Review Process (see below), the Trustee shall at that time remove the reserved, secured status of this claim and shall administer it as a nonpriority unsecured claim pursuant to the terms of the allowed claim and the confirmed plan.

10. <u>Rulings on Secured Claims</u>. The Court hereby makes the following rulings on secured claims provided for by the Plan.

    a. <u>Secured Claim of Musician's Friend</u>. Musician's Friend shall be paid directly by the Debtors, outside the Plan, without any modification to the terms of the original debt or security documents. The Trustee shall not make a distribution on this claim under the Plan and shall not monitor the Debtors' compliance as to direct payments to this creditor. The Debtors shall <u>not</u> receive a discharge of this debt under § 1328.

    b. <u>Secured Claim of America First Credit Union</u>. Claim No. 7 filed by America First Credit Union shall be paid directly by the Debtors, outside the Plan,

without any modification to the terms of the original debt or security documents. The Trustee shall not make a distribution on this claim under the Plan and shall not monitor the Debtors' compliance as to direct payments to this creditor. The Debtors shall <u>not</u> receive a discharge of this debt under § 1328.

11.  <u>Mortgage Arrearage Claims</u>.

    a.  If a mortgage arrearage claim is provided for in the Plan and an allowed mortgage arrearage claim is filed before the deadline for objecting to confirmation, the Trustee will commence disbursements on such claim pursuant to the creditor name and the amount in the proof of claim. The Trustee will cease or modify disbursements on such claim if an objection is filed to the proof of claim, the proof of claim is amended, or the proof of claim is otherwise modified by a Court order.

    b.  If a mortgage arrearage claim is listed in the Plan but proof of claim has not been filed before the deadline for objecting to confirmation, the Trustee will set up a reserve claim consistent with the creditor name and the amount listed in the Plan. The Trustee will not disburse on such claim until an allowed proof of claim is filed for the mortgage arrearage; thereafter, the Trustee will disburse on such claim pursuant to information in the proof of claim. The Trustee will cease or modify disbursements on such claim if an objection is filed to the proof of claim, the proof of claim is amended, or the proof of claim is otherwise modified by a Court order.

    c.  If a proof of claim is filed, but a mortgage arrearage claim is not provided for in the confirmed Plan, the Trustee will set up a reserve claim consistent with the proof of claim. If the plan is modified authorizing payment of the mortgage arrearage claim, the Trustee will disburse on such claim pursuant to the creditor name and the amount in the proof of claim. The Trustee will cease or modify disbursements on such claim if an objection is filed to the proof of claim, the proof of claim is amended, or the proof of claim is otherwise modified by a Court order.

12.  <u>Domestic Support Obligations</u>:  Allowed, unsecured domestic support obligation claims entitled to priority under § 507(a)(1)(A) and (B) shall be paid in full.

13. <u>Tax Claims</u>:

    a. If any additional tax liability is determined to be due after confirmation of the Plan, the Debtors may elect to modify the Plan under § 1329 to include payment of such liability.

14. <u>Nondischargeable Student Loan Claims</u>. Allowed claims for student loan obligations shall be treated as nonpriority unsecured claims. To the extent such claims are nondischargeable under 11 U.S.C. §§ 1328(a)(2) and 523(a)(8), the Debtors shall remain liable on such claims after completion of the Plan.

15. <u>Conditions for Disbursements on Unsecured Claims</u>. Disbursements on allowed priority and nonpriority unsecured claims may commence within 45 days after the filing of the Trustee's Report of Claims referenced herein, subject to the following: (a) there are no unresolved objections to the Trustee's Report of Claims; (b) the unsecured claim is entitled to a disbursement under the Plan and priority provisions set forth herein; and (c) funds are available for the Trustee to make a distribution.

## PRIORITY OF DISTRIBUTIONS ON ALLOWED CLAIMS

16. The Trustee will disburse Plan payments pursuant to the following levels and priority of distribution:

    (1) <u>Trustee's Fee</u>. The Trustee's fee on each Plan payment pursuant to § 1326(b)(2) and the applicable percentage set by the U.S. Trustee; then

    (2) <u>Adequate Protection on Secured Claims</u>. Preconfirmation adequate protection payments under § 1326(a)(1)(C), to the extent not already disbursed, in such amount and for such period of time as provided for in the Plan, pursuant to a stipulation between the parties, or by order of the Court, until all such required adequate protection payments have been disbursed; then

    (3) <u>Equal Monthly Payments on Secured Claims</u>. Equal monthly payments on allowed secured claims under § 1325(a)(5)(B)(iii)(I), in such amounts and commencing at such time as fixed by the Plan, stipulation, or Court order. The monthly sum of all equal monthly payments will be disbursed, but the underlying secured claims need not be paid in full before the Trustee may disburse the balance of the monthly Plan payment, if

any, to claims at a lower distribution level. If the plan does not provide for adequate protection payments and it does not provide for equal month payments, then allowed secured claims will be paid pro rata after attorney's fees are paid in full; then

(4) Attorney's Fees. Allowed attorney's fees until paid in full; then

(5) Allowed Secured Claims: If the plan does not provide for adequate protection payments and it does not provide for equal month payments, then allowed secured claims will be paid pro rata until paid in full; then

(6) Domestic Support Obligations. Allowed, unsecured domestic support obligation claims entitled to priority under § 507(a)(1)(A) and (B), until paid in full; then

(7) Arrearage Claims. Allowed arrearage claims under § 1322(a)(5) shall receive equal monthly payments in such amounts as fixed by the Plan, stipulation, or Court order. The monthly sum of all equal monthly payments will be disbursed, but the underlying arrearage claims need not be paid in full before the Trustee may disburse the balance of the monthly Plan payment, if any, to claims at a lower distribution level; then

(8) Other Priority Claims. All other allowed unsecured claims entitled to priority under § 507(a) and not specifically provided for above, until paid full; then

(9) Nonpriority Unsecured Claims. Allowed nonpriority unsecured claims until paid pursuant to the Plan.

## CLAIMS REVIEW PROCESS

17. Claims Review Process. Within 60 days following the expiration of the bar date for governmental units to file claims under Bankruptcy Rule 3002(c)(1) (hereinafter the "Governmental Bar Date") (generally 180 days after the petition date), the Debtors shall file with the Court and serve on the Trustee a declaration that all claims have been reviewed and that any appropriate objections have been filed and noticed for a hearing.

18. Trustee's Report of Claims. Within approximately 120 days following the expiration of the Governmental Bar Date, or at such time as all claim issues are resolved, the Trustee may file and serve on all parties-in-interest a Trustee's Report of Claims that will include a list of claims filed in the case, the amount of such claims, and their treatment under the confirmed Plan (e.g., secured, priority, allowed, disallowed, etc). If no objection is filed to the

Trustee's Report of Claims within 30 days after service thereof, it shall be deemed final and incorporated into this Order. If a written objection to the Trustee's Report of Claims or an objection to a claim is filed within such 30-day period, the Trustee will file and serve an Amended Trustee's Report of Claims within 30 days after resolution of the objections or motions. Any such written objection to the Trustee's Report of Claims must be noticed for a hearing to be held within 30 days after its filing. If no written objection to the Amended Trustee's Report of Claims is filed within 30 days after service, it shall be deemed final and will be incorporated into the confirmation order.

19. <u>Untimely Claims</u>. Unless otherwise ordered by the Court, the Trustee shall not disburse on any claim that is filed after the applicable deadline of Bankruptcy Rule 3002.

## ADMINISTRATIVE PROVISIONS

20. If the Trustee has filed an objection to an exemption claimed on Schedule C, and such exemption is not specifically ruled on by the Court in connection with confirmation of the plan, then the Trustee's objection shall remain pending, including for purposes of any motion to modify under § 1329 or in connection with any conversion to another Chapter under the Bankruptcy Code.

21. The Trustee is granted authority to set procedures for making disbursements under the Plan. Such disbursements shall be made in a manner consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Trustee's Report of Claims as incorporated into this Order pursuant the provisions set forth above.

22. If this case is dismissed or converted to another Chapter under the Bankruptcy Code, any Plan payments received by the Trustee prior to the entry of an order of conversion or dismissal shall be paid to creditors pursuant to the Plan, while payments received after the entry of such order shall be refunded to the Debtors. In making any final disbursement under this paragraph, the Trustee is hereby authorized to decline to disburse funds on any unsettled, contingent, disputed, duplicate, unliquidated, late-filed or otherwise legally insufficient claim, including where a disbursement check on a claim has been returned to the Trustee as undeliverable by the United States Mail.

23. In the event an error is made in disbursements to creditors, the Trustee may, without prior notice to parties-in-interest, rectify such errors by any legal means including offsets and surcharges against future disbursements in this case owing to the creditor who received the erroneous disbursement.

24. During the term of the Plan, the Debtors shall not sell or transfer property of the estate or collateral provided for in the Plan without a Court order under § 363 and prior written notice to the Trustee. A creditor shall not accept any insurance or sale proceeds from collateral provided for in the Plan unless an amended proof of claim is filed with the Court and prior written notice thereof is provided to the Trustee. If the Plan provides that the Trustee will make disbursements on a specific claim, and that claim is paid from another source, the Trustee shall nonetheless be entitled to his statutory commission on such amount as would have been disbursed by the Trustee under the Plan. At confirmation, property of the estate vests pursuant to the terms of the Plan and § 1327.

25. During the term of the Plan, the Debtors shall not incur any new material debt without a Court order under § 364.

26. If after confirmation of the Plan, a creditor amends its timely, allowed proof of claim, the Trustee shall give notice to counsel whether such amended proof of claim, if allowed, causes the Plan to be unfeasible. If the amended claim does not render the Plan unfeasible, and if the Trustee does not receive an objection from Debtors' counsel within ten (10) days after service of such notice, the Trustee shall pay such claim in the amended amount. If the amended claim renders the Plan unfeasible, the Trustee may move to dismiss the case or to modify the Plan.

27. The Trustee is hereby authorized to exercise discretion in administering this case including, but not limited to, out-of-Court resolutions of postconfirmation defaults arising from the Debtors' failure to make timely Plan payments.

## END OF DOCUMENT

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a true and correct copy of the foregoing Order was served by ECF (as indicated below) or addressed to the following persons and deposited in the U.S. Mail, first-class postage prepaid, on the 22nd day of December 2009. Pursuant to Rule 9021-(c), Local Rules of Practice of the United States Bankruptcy Court for the District of Utah, persons who appeared at the hearing, and who have not otherwise approved the Order, shall have eight (8) days from the date of service to file an objection to the form of the Order. If an objection is not timely filed, the Order shall be deemed approved, and the Court may enter the Order.

       JEFFREY C. SHORTER
       ECF NOTIFICATION

       _____/s/_____
       Office Chapter 13 Trustee

## COURT SERVICE LIST

KEVIN R. ANDERSON
STANDING CHAPTER 13 TRUSTEE
ECF NOTIFICATION

JEFFREY C. SHORTER
ECF NOTIFICATION

JOANN HARRISON
MARK STEVEN HARRISON
2676 WEST 6050 SOUTH
ROY, UT 84067-0000

WELLS FARGO BANK
P.O. BOX 14469
DES MOINES, IA 50306

AMERICA FIRST CREDIT UNION
P.O. BOX 9199
OGDEN, UT 84409

MUSICIAN'S FRIEND
P.O. BOX 60107
CITY OF INDUSTRY, CA 91716

ORDER SIGNED